**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NOON MEDITERRANEAN, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-11814 (BLS) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) CONFIRMING PRE-PETITION TERMINATION OF CERTAIN LEASES AND (II) AUTHORIZING THE DEBTOR TO REJECT CERTAIN UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365 EFFECTIVE AS OF AUGUST 6, 2018**

Noon Mediterranean, Inc. (the "Debtor" or "Noon") hereby submits this motion (the "Motion") pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"): (a) confirming the pre-petition termination of certain leases set forth on **Exhibit A** hereto (the "Terminated Leases"), (b) authorizing the Debtor to reject certain unexpired leases, each as set forth on **Exhibit B** hereto (the "Unexpired Leases"), effective as of August 6, 2018; and (b) granting related relief. In support of this Motion, the Debtor respectfully represents as follows:

**PRELIMINARY STATEMENT**

First, prior to its bankruptcy filings, Noon terminated the Terminated Leases and returned possession of the premises to the respective landlords. Noon seeks an order of this Court confirming that the Terminated Leases were terminated pre-petition and that its estate will not incur any administrative expenses in connection with same during the course of the above-

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's U.S. tax identification number are: Noon Mediterranean, Inc. (f/k/a Verts Mediterranean Grill, Inc.; f/k/a Verts Kebap, Inc.; f/k/a DMS Foods, Inc.) (-5849). At the time it filed its bankruptcy petition, the Debtor's corporate headquarters was located at: Workville – Noon Mediterranean, 1412 Broadway, 21st Floor, New York, NY 10018.

captioned case.  Noon also seeks entry of an order deeming the Terminated Leases rejected effective as of the Petition Date.

Second, as part of its bankruptcy filing, Noon has reviewed and analyzed the Unexpired Leases and determined that it would benefit the Debtor's estate to reject them.  The Unexpired Leases are retail locations.  The Debtor projects that the estate will incur thousands of dollars in administrative expense liabilities on account of the Unexpired Leases over the remaining terms of the respective agreements if the Unexpired Leases are not rejected.  By rejecting the Unexpired Leases, the Debtor will save thousands of dollars for the benefit of its estate and creditors.

The Debtor respectfully submits that rejecting the Unexpired Leases pursuant to section 365 of the Bankruptcy Code is a sound exercise of its business judgment and is in the best interests of the Debtor, its estate and the estate's stakeholders.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 365, 1107, and 1008 of the Bankruptcy Code.

## BACKGROUND

4. On August 6, 2018 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtor, including their business operations, their capital and debt structure, and the events

leading to the filing of this bankruptcy case, is set forth in detail in the Declaration of Stefan Boyd (the "Boyd Declaration"), which is deemed fully incorporated herein by reference.

5. The Debtor operates its business as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## TERMINATED LEASES

6. As more fully described in the Boyd Declaration, Noon is a fast-casual restaurant chain which, as of November 2017, operated nineteen (19) locations in the United States.

7. Prior to its bankruptcy filing, Noon terminated the Terminated Leases and returned possession of the subject premises to the respective landlords. As such, Noon believes that it should not incur any post-petition liability related to the Terminated Leases. By this Motion, Noon seeks entry of an order confirming that the Terminated Leases were terminated prior to the Petition Date and that the estate will not bear any post-petition liability pertaining to the Terminated Leases. Additionally, in an abundance of caution, the Debtor seeks entry of an order deeming the Terminated Leases rejected effective as of the Petition Date.

## UNEXPIRED LEASES

8. As part of its retail footprint, Noon operates restaurants at several locations. In connection with the Debtor's business operations, Noon entered into certain Unexpired Leases (as amended) with parties that the Debtor, in its business judgment, seeks to reject, effective as of the Petition Date (August 3, 2018), which are listed on **Exhibit B** hereto.

## RELIEF REQUESTED

9. Through this Motion, the Debtor seeks the entry of an order, pursuant to sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 6006: (a) confirming the pre-petition termination of the Terminated Leases; (b) authorizing and approving the Debtor's rejection of the

Unexpired Leases effective as of August 3, 2018;[2] and (c) granting related relief. As set forth in detail below, the relief requested herein is in the best interests of the Debtor's estate and creditors because the Debtor is rationalizing its retail footprint and no longer has a need for the locations associated with the Unexpired Leases.

10. Contemporaneously with the filing of this Motion, the Debtor will send notices to the landlords notifying the counterparties of the Debtor's prior vacation of the respective premises and their intent to reject the Unexpired Leases.

11. The Debtor has determined, in its business judgment, that the Unexpired Leases are no longer integral to the Debtor's business operations or its chapter 11 efforts, are not otherwise beneficial to the Debtor's estate, and present burdensome liabilities.

## BASIS FOR RELIEF

12. Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. V. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

13. The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee. *See NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir.

---

[2] The Debtor otherwise reserves all rights with respect to the Unexpired Leases and any rejection or other damages that may be asserted.

1990); *see also In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 501, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a trustee's (or debtor in possession's) business decision unless the decision in the product of bad faith, whims, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. Del. 2001).

14. The Debtor seeks an order of this Court confirming that the Terminated Leases were terminated pre-petition and that its estate will not incur any administrative expenses in connection with same during the course of the above-captioned case. Alternatively, in an abundance of caution, Noon seeks entry of an order deeming the Terminated Leases rejected effective as of the Petition Date.

15. Additionally, pursuant to section 365(a) of the Bankruptcy Code, the Debtor seeks to reject the Unexpired Leases effective as of August 3, 2018 in order to avoid the possibility of incurring any additional expenses and costs related to the Unexpired Leases.

16. The Debtor seeks to reject the Unexpired Leases in accordance with principles of sound business judgment. The Unexpired Leases are, and will continue to be, a burden to the Debtor's estate. Because the Debtor has terminated their operations at certain sites, the Unexpired Leases are no longer necessary to the Debtor's ongoing operations.

17. The Debtor may have claims against counterparties arising under, or independently of, the Unexpired Leases. The Debtor does not waive such claims by the filing of this Motion or by the rejection of the Unexpired Leases.

## CONSENT TO JURISDICTION

18. The Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## NO PRIOR REQUEST

19.    No prior motion for the relief requested herein has been made to this or any other Court.

## NOTICE

20.    Notice of this Motion has been provided to the U.S. Trustee, all counterparties to the Terminated Leases and Unexpired Leases, and all parties requesting notices pursuant to Bankruptcy Rule 2002.  The Debtor submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit C**:  (i) confirming the pre-petition termination of the Terminated Leases; (ii) deeming the Terminated Leases rejected effective as of August 6, 2018; (iii) authorizing the Debtor to reject the Unexpired Leases as of August 6, 2018, and (iv) granting such other and further relief as the Court deems just and proper.

Dated:  Wilmington, Delaware
         August 9, 2018

CIARDI, CIARDI & ASTIN

*/s/ Joseph J. McMahon, Jr.*
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
1204 N. King Street
Wilmington, DE 19801
Tel:  (302) 658-1100
Fax: (302) 658-1300
jmcmahon@ciardilaw.com

- and -

Albert A. Ciardi, III, Esquire
One Commerce Square
2005 Market Street, Suite 3500
Philadelphia, PA 19103
Tel:  (215) 557-3550
Fax:  (215) 557-3551
aciardi@ciardilaw.com

*Proposed Counsel for the Debtor
 and Debtor in Possession*